# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JERELL M. CHRISTOPHER  Plaintiff,  v.  O'NEAL, *et al.*,  Defendants. | Civ. No. 24-10654 (JKS-JBC)  **MEMORANDUM AND ORDER** |

*Pro se* plaintiff Jerell M. Christopher ("Plaintiff"), a pretrial detainee at the Hudson County Correctional Center ("HCCC"), seeks to commence a civil rights action pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (ECF No. 1). For the reasons stated below the Court will administratively terminate this matter until Plaintiff either pays the applicable filing fees or files a complete *in forma pauperis* application.

A prisoner seeking to commence a civil action without prepayment of the filing fee must submit an affidavit, including a statement of all assets, establishing that the prisoner is unable to pay the fee. *See* 28 U.S.C. § 1915(a)(1). The prisoner must also submit a certified copy of his inmate trust fund account statement for the six-month period immediately preceding the filing of the complaint. *See* 28 U.S.C. § 1915(a)(2). The prisoner must obtain this statement from the appropriate official of each prison at which he is or was confined. *Id.*

Here, Plaintiff has not paid the filing fee nor submitted a complete *in forma pauperis* application. Rather Petitioner submits only two months of inmate trust fund account statements, but does not include an affidavit or the necessary statement from the appropriate official at HCCC. (ECF No. 1). Accordingly, the Court will administratively terminate the complaint without prejudice. If Plaintiff pays the necessary filling fees or provides the Court with a completed IFP

application, including certified account statements covering the six-month period prior to the date he filed his complaint and the proper signed application, he may request that his case be reopened.

Whether the matter proceeds IFP or Plaintiff pays the filing fee, however, the Court must still screen Plaintiff's complaint and dismiss the case if it finds that the action is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915A & 1915(e)(2)(B). If the Court dismisses the case for any of these reasons, the filing fee is not refunded. If Plaintiff has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court that was dismissed on any of the grounds listed above, he cannot bring another action IFP unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

Accordingly, IT IS on this **13th** day of February 2025,

**ORDERED** that the Clerk of the Court shall **ADMINISTRATIVELY TERMINATE** this case, without filing the complaint or assessing a filing fee. Petitioner is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely, *see Papotto v. Hartford Life & Acc. Ins. Co.*, 731 F.3d 265, 275 (2013) (distinguishing administrative terminations from dismissals); *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 n.2 (2013) (describing prisoner mailbox rule generally); *Dasilva v. Sheriff's Dep't.*, 413 F. App'x 498, 502 (3rd Cir. 2011) (per curiam) ("[The] statute of limitations is met when a [petition] is submitted to the clerk before the statute runs …."); and it is further

**ORDERED** that if Plaintiff wishes to reopen this case, he shall notify the Court, in writing addressed to the Clerk of the Court, Martin Luther King Building & U.S. Courthouse, 50 Walnut Street Room 4015, Newark, NJ 07101, within 45 days of the date of entry of this Order; Plaintiff's

writing shall include either (1) a complete, signed IFP application, including a legible certified six-month prison account statement, or (3) the $405 fee (which includes a $350 filing fee and a $55 administrative fee); and it is further

**ORDERED** that upon receipt of a writing from Plaintiff stating that he wishes to reopen this case, and either a complete IFP application or payment of the filing and administrative fees within the time allotted by this Court, the Clerk of the Court will be directed to reopen this case; and it is finally

**ORDERED** that the Clerk of the Court shall serve a copy of this Order and a blank IFP application (DNJ-Pro Se-007-A-[Rev.12/2020]) upon Plaintiff by regular U.S. mail.

_____
**HON. Jamel K. Semper**
United States District Judge